**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| RENEE E. EASTERLY, for D.E., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:09-cv-0844-SEB-DML |
| | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion to Dismiss**

This is an action brought pursuant to 42 U.S.C. § 405(g) for review of the Commissioner's denial of Renee Easterly's application on behalf of her son, D.R. Easterly, for Supplemental Security Income under the Social Security Act, 42 U.S.C. § 301, *et seq.* (the "Act").

The Commissioner has filed a motion to dismiss pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.* Easterly has opposed the Commissioner's motion. For the reasons explained in this Entry, the Commissioner's motion (dkt 9) must be **granted.**

Easterly's motion to supplement the record (dkt 21) is **granted** to the extent that the court considered the records tendered with that motion as part of Easterly's response to the motion to dismiss. The Commissioner asserts that the complaint should be dismissed as untimely filed.

**Discussion**

Congress has established a comprehensive remedial structure for persons alleging disability and entitlement to benefits under the Act. Under 42 U.S.C. § 405(g), a plaintiff must receive a final decision from the Commissioner before seeking judicial review of her claim.

The Act requires that a complaint challenging a final decision of the Commissioner be filed within 60 days of receiving the decision. 42 U.S.C. § 405(g); *Johnson v. Sullivan*, 922 F.2d 346, 355 (7th Cir. 1990). This "60-day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York,* 476 U.S. 467, 478 (1986). Its purpose is "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Id.* at 481. The 60-day period can also be extended by the Commissioner under certain circumstances, *see* 20 C.F.R. §§ 416.1411, 416.1482, but no such extension was sought or granted in this case.

The final decision of the Commissioner in this case was issued on April 28, 2009, when the Appeals Council denied Easterly's request for review of the decision of the Administrative Law Judge. Easterly acknowledges that she received that final decision on May 4, 2009. Accordingly, the last day on which she could have timely filed her complaint for judicial review was Monday July 6, 2009. Easterly's complaint was filed on July 8, 2009, two days late.

The statutory filing period may be subject to waiver, estoppel or equitable tolling. *See Zipes v. Trans World Airlines, Inc.* 455 U.S. 385, 393 (1982). Here, the defense of untimeliness has not been waived. In addition, Easterly makes no estoppel argument. Rather, she argues that there is good cause for her failure to timely file her complaint. A plaintiff seeking equitable tolling bears the burden of establishing that she acted with diligence and that some extraordinary circumstances prevented her from filing a complaint within the 60-day limitations period. "[E]quitable tolling is granted sparingly." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (in context of statute of limitations for § 2255 motion). "Extraordinary circumstances far beyond the litigant's control must have prevented timely filing." *Id. See also Johnson v. Sullivan*, 922 F.2d 346, 355 n. 5 (7th Cir. 1990) (noting in *dicta* that equitable tolling in 405(g) has a "narrow reach"). The Seventh Circuit "allows a private party to assert equitable estoppel against the government in a very narrow category of cases-when the traditional elements of estoppel are shown and there is affirmative misconduct on the part of the government." *Kennedy v. United States*, 965 F.2d 413, 417 (7th Cir. 1992). *See also Bowen,* 476 U.S. at 481 (equitable tolling proper where government's secretive conduct prevented plaintiff from knowing of a violation of rights).

Easterly asserts that she should be excused for filing her complaint two days late because she was preoccupied with serious matters involving her son. Her son threatened suicide in March 2009. She states that she worked full time and was the only person who worked in her household. Her husband was in the home but received disability benefits. Easterly provided constant supervision of her son. She had no support from her extended family during this time. She lost track of everything other than trying to care for her son.

Easterly alleges that her son was admitted to the St. Vincent Stress Center in Indianapolis on March 19, 2009, and was discharged March 25, 2009. Easterly removed her son from school on March 31, 2009, and began homebound schooling him. This continued through the end of the school year on May 28, 2009. Easterly attended

2

counseling appointments at Wabash Valley Hospital once a week beginning May 22, 2009, and ending June 24, 2009. Her son was investigated for sexually inappropriate conduct beginning May 31, 2009.  An interview by the Clinton County Sheriff's Department was conducted on June 5, 2009. Easterly states that trying to get in to see a lawyer about her son's disability benefits was the last thing on her mind during this period of time.

While it is understood that Easterly was preoccupied with stressful matters involving her son during the months preceding and after she received the Appeals Council notice, she has not shown that she was in any way prevented from filing a complaint *pro se* or from contacting her attorney to file the case in a timely manner. Many of the incidents described by Easterly occurred prior to the receipt of the notice on May 4, 2009. While Easterly's situation is sympathetic, the court does not find that the circumstances were so "extraordinary" as to prevent her from taking action on important matters such as this.

Because the 60-day limit constitutes a condition on the waiver of sovereign immunity, it "must be strictly construed." *Bowen*, 476 U.S. at 479. Easterly's complaint for judicial review was not filed within the 60-day time frame. 42 U.S.C. § 405(g). Accordingly, the Commissioner's motion to dismiss (dkt 9) must be **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   09/08/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana